# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

**JAMES A. PANDOL,**

     Plaintiff/Counterdefendant,

       v.

**PANDOL BROS., INC.,**

     Defendant/Counterclaimant.

Case No. 1:13-cv-01488- JLT

**STIPULATED INJUNCTION**

**(Doc. 29)**

       The Parties, James A. Pandol (hereinafter "PAMI") and Pandol Bros., Inc. (hereinafter "PBI") have stipulated to the entry of this injunction as part of a written settlement agreement. In accordance with Rule 65 (d) of the Federal Rules of Civil Procedure, the Court hereby Orders as follows:

       1.     With respect to the continuing and future use of trademark(s) containing the term "Pandol:"

       a.     PAMI shall expressly abandon Registration Nos. 3,152,058 (PANDOL) and 3,195,027 (PANDOL FAMILY FARMS), and Application Nos. 85/879,195 (PANDOL) and 85/879,208 (PANDOL FAMILY FARMS).

       b.     PBI shall expressly abandon Application No. 77/345,559 (PANDOL).  PBI may retain Application Nos. 77/345,564 (PANDOL BROS. INC.) and 77/345,567 (PANDOL BROS. INC. and design).

_____

1    c.    PAMI shall not use or register any trademark containing the term "Pandol" except

2    as permitted herein.  PAMI may use and register the trademarks either or both JIM PANDOL or

3    JAMES A. PANDOL.   Each of these trademarks shall be used only as a unitary term, with each

4    letter in the same font and font size, and no undue emphasis given to the term "Pandol"

5    appearing in the trademarks. To the extent that the Patent and Trademark Office rejects any such

6    application under Section 2 (d) of the Lanham Act based on a citation to an application,

7    registration or use owned by PBI, PBI shall provide a written consent to the registration of the

8    trademark.

9    d.    PBI shall not use or register any trademark containing the term "Pandol" except

10   as permitted herein.  PBI may use, but not register the trademark PANDOL.  PBI may register

11   the terms PANDOL & SONS as well as the marks reflected in Application Nos. 77/345,564

12   (PANDOL BROS. INC.) and 77/345,567 (PANDOL BROS. INC. and design), and PANDOL

13   BROTHERS and PANDOL BROS..  It may also use the terms PANDOL & SONS as well as the

14   marks reflected in Application Nos. 77/345,564 (PANDOL BROS. INC.) and 77/345,567

15   (PANDOL BROS. INC. and design) , and PANDOL BROS. INC., PANDOL BROTHERS and

16   PANDOL BROS. with any variation of the design.  This injunction does not require PBI to avoid

17   emphasizing the term "Pandol" appearing in the marks.

18   2.    With respect to the continuing and future use of trade names containing the term

19   "Pandol:"

20   a.    PAMI shall cease using the trade name "Pandol Associates Marketing, Inc." and

21   shall not use in any trade name the term "Pandol" except as permitted herein.  The only

22   permitted trade name uses of the term "Pandol" by PAMI are those that contain the unitary

23   phrase "James A. Pandol" or "Jim Pandol."  These terms may only be followed by terms

24   _____

indicating corporate status (e.g., "Company", "Inc.", "LLC" or "Associate(s)) but the trade name shall not contain any other terms (e.g., "Marketing," "Family" or "Farms.") PAMI may use a permitted trade name in connection with a reorganized business or a corporate form different from the current corporate form.

b.     PBI shall not use any trade name containing the term "Pandol" except as permitted herein.  PBI may continue using its trade names "Pandol Bros. Inc." and "Pandol & Sons," and it may use PANDOL BROS. and  PANDOL BROTHERS.  It may also continue to answer its telephone as "Pandol."  It may use and continue using the term "Pandol" in connection with businesses other than the fruit and vegetable business.  PBI may use a permitted trade name in connection with a reorganized business or a corporate form different from the current corporate form.

3.     With respect to the continuing and future use of domain names containing the term "Pandol:"

a.     PAMI shall not register any domain names containing the term "Pandol" except as expressly permitted herein.  PAMI may continue using the domain name www.pandolmarketing.com, however, the home page of the web site must only contain a trademark or trade name permitted by this injunction.  PAMI may also register and use a domain name consisting in its entirety of either trademark permitted by paragraph 1 (c) or a trade name permitted by paragraph 2 (a) of this injunction.

b.     PBI shall not register any domain names containing the term "Pandol" except as permitted herein.  PBI may continue the use and registration of the domain name www.pandol.com as well as any other domain names registered as of February 12, 2014.

_____

c.      Each Party shall add the following disclaimer to the home page of their web site or websites, as the case may be: "[name of Party] is not affiliated with [name of other Party.]  If you are looking for [name of other Party] they may be contacted at [insert link to other Party] web site.]"

d.      Each Party may use its domain name on its packaging for informational purposes only and not as a trade name or a trademark, and may use email addresses that include its domain name.

e.      The terms of this paragraph 3 apply to any use in the United States as well as any export out of or import into the United States.

4.      Other provisions:

a.      PAMI shall notify its customers of the changes to its trade names and have its counsel certify to PBI's counsel that this has been done.

b.      Nothing in this injunction shall prohibit PAMI from processing checks made out to Pandol Associates Marketing or responding to inquiries directed to Pandol Associates Marketing.

c.      Neither Party shall hold itself out to any third party that it is affiliated with the other Party.  Notwithstanding the foregoing, it shall not be a breach of this Agreement for Jim Pandol to state that at one time he was employed by PBI and fairly to describe the positions he held with PBI, to fairly use his family information such as by way of example, as currently used on the "About Us" page of the PAMI web site, or fairly to describe his experience in the marketing and sales of fruit and vegetable business (including without limitation with PBI and PAMI).

//

_____

4
STIPULATED INJUNCTION

5.      Notwithstanding paragraphs 1 and 2 of this injunction:

a.      PAMI shall have until December 31, 2014 to: (a) use up the bags bearing the current trademarks and bring them into conformity with the terms of this Agreement, and (b) use up all labels, bags and other packaging materials in inventory bearing the current trademarks and trade names, and (c) cease using its current trade name.

b.      All other uses of the term "Pandol" by any Party that are not permitted by this Agreement shall cease no later than four (4) months from the date of this injunction.

c.      PAMI shall not purchase any bags, labels, packaging or other materials that include a trade name or trademark not permitted by this injunction.

6.      This injunction applies to each Party, to Pandol Associates Marketing, Inc., and each of their owners, officers, affiliates, agents, employees, attorneys-in-fact, and successors in interest, as the case may be, having notice of this Order by personal service, electronic mail, or otherwise, in the use of the term "Pandol" in the marketing and sales of fresh fruit and vegetables by a Party.  The terms of this injunction do not apply to the use of the term "Pandol" in any other businesses in which the Parties might be engaged nor do they apply to the business activity of any owner, officer or employee of a Party that is not part of the ongoing marketing and sales of fresh fruit and vegetables by that Party.

7.      Each party shall bear its own attorneys' fees and costs.

IT IS SO ORDERED.

Dated:   **June 16, 2014**                          _____**/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE